UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLORENCIO MENDEZ, ) <br> ) <br> Petitioner, ) <br> ) Civil Action No. <br> v. ) 11-40230-FDS <br> ) <br> JAMES SABA, ) <br> ) <br> Respondent. ) <br> ) | |

MEMORANDUM AND ORDER ON
RESPONDENT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**SAYLOR, J.**

This is an action by a state prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Florencio Mendez was convicted in Massachusetts Superior Court in 2007 of one count of forcible rape of a child, two counts of indecent assault and battery on a child under 14, and one count of indecent assault and battery on a person over 14. The Massachusetts Appeals Court affirmed his conviction and his application for leave to obtain further appellate review was denied by the Supreme Judicial Court ("SJC").

Mendez then filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. Respondent James Saba now moves for judgment on the pleadings on the basis that (1) Mendez has failed to articulate the legal basis for his only exhausted claim in his memorandum of law in support of the petition; (2) his only exhausted claim fails because it concerns an issue of state law that is not cognizable on habeas review; and (3) he continues to assert new, unexhausted claims in a memorandum of law in support of the petition.

For the reasons set forth below, respondent's motion for judgment on the pleadings will be granted in part and denied in part. The petition for a writ of habeas corpus will be dismissed unless, within 30 days of the date of this Order, petitioner files a request to dismiss the unexhausted claims in his petition and proceed on the merits of the exhausted claim.

## I. Background

On August 10, 2006, a Massachusetts grand jury indicted Florencio Mendez for one count of forcible rape of a child, two counts of indecent assault and battery on a child under 14, and one count of indecent assault and battery on a person over 14. On October 31, 2007, a jury returned a verdict of guilty on all counts.

On November 2, 2007, Mendez filed a notice of appeal with the Massachusetts Appeals Court. Mendez raised four issues on appeal: (1) evidence was improperly admitted in violation of the "first complaint" doctrine; (2) there was a substantial risk that some jurors decided on the issue of guilt prior to deliberating with the other jurors; (3) the trial judge was not impartial, which prejudiced the defendant; and (4) the court improperly considered the emotions displayed by the testifying victims during sentencing.[1] On July 2, 2010, the Massachusetts Appeals Court affirmed the judgment. *See Commonwealth v. Mendez*, 77 Mass. App. Ct. 905 (2010). The

---

[1] The first issue involved the Massachusetts "first complaint" doctrine. Under that doctrine, the testimony of "complaint witnesses" is limited

> to that of one witness who, where feasible, will be the first person told of the sexual assault. Such witness may testify to the details of the alleged victim's first complaint of sexual assault and the circumstances surrounding that first complaint as part of the prosecution's case-in-chief. Where a first complaint witness testifies at trial regarding the complaint, the complainant also may testify about the details of the first complaint and the reasons why it was made at that particular time. What the complainant may not do, however, is testify to the fact that she "told" others, apart from the first complaint witness, about the sexual assault, even where the details of the conversation have been omitted.

*Commonwealth v. Aviles*, 461 Mass. 60, 67-68 (2011) (citations and quotation marks omitted).

Appeals Court decision discussed only the "first complaint" doctrine and summarily rejected the other grounds as without merit. *See id.*

On July 30, 2010, Mendez filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the SJC. The only ground raised in the application was the admission of evidence in violation of the "first complaint" doctrine. On September 16, 2010, the SJC denied the application. *See Commonwealth v. Mendez*, 458 Mass. 1104 (2010).

On December 7, 2011, Mendez filed the present petition for a writ of habeas corpus. He raised the same four grounds in his petition that he raised with the Appeals Court. On July 2, 2012, the Court found that petitioner properly exhausted only his "first complaint" claim and ordered that the petition would be dismissed on respondent's motion unless petitioner filed a request within 30 days to dismiss his unexhausted claims. The Court granted petitioner's timely request to dismiss his unexhausted claims on November 29, 2012. In a subsequent memorandum of law in support of his petition, petitioner asserted both his original first complaint claim as well as a new claim of ineffective assistance of counsel.

## II. Analysis

### A. Exhaustion of Claims

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. *See* 28 U.S.C. §2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State."); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "Where, as here, a

state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).

Respondent contends that petitioner has not fully exhausted his state court remedies. Petitioner has demonstrated that he raised his "first complaint" claim before both the Appeals Court and in his ALOFAR.  *See Mendez*, 458 Mass. 1104 (2010).   However, he has not shown that he pursued state court remedies for his claim of ineffective assistance of counsel.  Therefore, the claim cannot be considered properly exhausted and cannot be brought in this Court.

### III.    Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed unless, within 30 days of the date of this Order, petitioner files a request to dismiss his unexhausted claim and proceed on the merits of the exhausted claim. The respondent's motion for judgment on the pleadings is GRANTED in part and DENIED in part, without prejudice to its renewal after the 30-day period expires.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  June 6, 2013