# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————— )
FLORENCIO MENDEZ,                      )
                                       )
        Petitioner,                    )
                                       )        **Civil Action No.**
        v.                             )        **11-40230-FDS**
                                       )
JAMES SABA,                            )
                                       )
        Respondent.                    )
————————————————————————)

## MEMORANDUM AND ORDER ON RESPONDENT'S
## RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS

**SAYLOR, J.**

This is an action by a state prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Florencio Mendez was convicted in Massachusetts Superior Court in 2007 of one count of forcible rape of a child, two counts of indecent assault and battery on a child under 14, and one count of indecent assault and battery on a person over 14. The Massachusetts Appeals Court affirmed his conviction and his application for leave to obtain further appellate review was denied by the Supreme Judicial Court ("SJC").

Mendez then filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. Respondent James Saba has filed a renewed motion for judgment on the pleadings, seeking dismissal because the only remaining claim concerns an issue of state law that is not cognizable on habeas review.

For the reasons set forth below, respondent's renewed motion for judgment on the pleadings will be granted.

I.     **Background**

On August 10, 2006, a Massachusetts grand jury indicted Florencio Mendez for one

count of forcible rape of a child, two counts of indecent assault and battery on a child under 14,

and one count of indecent assault and battery on a person over 14.  On October 31, 2007, a jury

returned a verdict of guilty on all counts.

On November 2, 2007, Mendez filed a notice of appeal with the Massachusetts Appeals

Court.  Mendez raised four issues on appeal:  (1) evidence was improperly admitted in violation

of the "first complaint" doctrine; (2) there was a substantial risk that some jurors decided on the

issue of guilt prior to deliberating with the other jurors; (3) the trial judge was not impartial,

which prejudiced the defendant; and (4) the court improperly considered the emotions displayed

by the testifying victims during sentencing.[1]  On July 2, 2010, the Massachusetts Appeals Court

affirmed the judgment.  *See Commonwealth v. Mendez*, 77 Mass. App. Ct. 905 (2010).  The

Appeals Court decision discussed only the "first complaint" doctrine and summarily rejected the

other grounds as without merit.  *See id.*

On July 30, 2010, Mendez filed an Application for Leave to Obtain Further Appellate

Review ("ALOFAR") with the SJC.  The only ground raised in the application was the

---

[1]  The first issue involved the Massachusetts "first complaint" doctrine.  Under that doctrine, the testimony of "complaint witnesses" is  limited

> to that of one witness who, where feasible, will be the first person told of the sexual assault.  Such witness may testify to the details of the alleged victim's first complaint of sexual assault and the circumstances surrounding that first complaint as part of the prosecution's case-in-chief.  Where a first complaint witness testifies at trial regarding the complaint, the complainant also may testify about the details of the first complaint and the reasons why it was made at that particular time.  What the complainant may not do, however, is testify to the fact that she "told" others, apart from the first complaint witness, about the sexual assault, even where the details of the conversation have been omitted.

*Commonwealth v. Aviles*, 461 Mass. 60, 67-68 (2011) (citations and quotation marks omitted).

admission of evidence in violation of the "first complaint" doctrine.  On September 16, 2010, the SJC denied the application.  *See Commonwealth v. Mendez*, 458 Mass. 1104 (2010).

On December 7, 2011, Mendez filed the present petition for a writ of habeas corpus.  He raised the same four grounds in his petition that he raised with the Appeals Court.  On July 2, 2012, the Court found that Mendez properly exhausted only his "first complaint" claim and ordered that the petition would be dismissed on respondent's motion unless he filed a request within 30 days to dismiss his unexhausted claims.  The Court granted Mendez's timely request to dismiss his unexhausted claims on November 29, 2012.  In a subsequent memorandum of law in support of his petition, Mendez asserted both his original first complaint claim as well as a new claim of ineffective assistance of counsel.

On June 6, 2013, this Court granted respondent's motion for judgment on the pleadings in part and denied it in part without prejudice to its renewal.  The Court gave Mendez thirty days to seek dismissal of his unexhausted claim (ineffective assistance of counsel) and proceed with the merits of the exhausted claim ("fresh complaint" evidence error).  Mendez complied with that order and, on July 10, 2013, this Court dismissed the unexhausted claim.  The only claim that remains is the alleged error concerning the admission of "first complaint" evidence.

On August 20, 2013, respondent filed a renewed motion for judgment on the pleadings.

## II.   <u>Analysis</u>

By statute, federal habeas relief may not be granted for a prisoner in custody pursuant to a state judgment on the basis of claims that were adjudicated on the merits in state court, unless the resulting decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *See* 28 U.S.C. § 2254(d).

Petitioner's claim involves the issue of "first complaint" evidence.  The first-complaint doctrine, initially set forth in Massachusetts in *Commonwealth v. King*, 445 Mass. 217 (2005), has been characterized by the SJC as "a body of governing principles to guide a trial judge on the admissibility of first complaint evidence" in cases of alleged sexual abuse.  *Aviles*, 461 Mass. at 73.  Petitioner contends that during the trial evidence was incorrectly admitted in violation of the first-complaint doctrine, which unduly prejudiced his defense.

Petitioner does not appear to challenge the fact that the court reached the merits of his claims, nor does he contest that the first-complaint rule is a state-law doctrine.  Thus, petitioner is only eligible for habeas relief under § 2254 if he can show that the application of that state-law doctrine violated the Constitution—more specifically, if it involved an unreasonable application of clearly established federal law.  Petitioner has failed to do so.  Because this Court cannot reexamine state court determinations of state law questions, in the absence of a federal violation, petitioner has alleged no grounds on which this Court may grant relief.  Accordingly, the petition will be denied.

**III.**    **Conclusion**

For the foregoing reasons, respondent's renewed motion for judgment on the pleadings is GRANTED.  The petition for a writ of habeas corpus is DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  October 7, 2013

4